

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO

2016 APR 20  AM 11: 00

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 16·1552 VJ |
| | ) | |
| JOSHUA ADAM WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the defendant,

Joshua Adam Williams, and the defendant's counsel, Andre Poissant:

### REPRESENTATION BY COUNSEL

1.      The defendant understands the defendant's right to be represented by an attorney

and is so represented. The defendant has thoroughly reviewed all aspects of this case with the

defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.      The defendant further understands the defendant's rights:

      a.      to be charged and prosecuted by indictment;

      b.      to plead not guilty, or having already so pleaded, to persist in that plea;

      c.      to have a trial by jury; and

      d.      at a trial:

            1)      to confront and cross-examine adverse witnesses,

2)      to be protected from compelled self-incrimination,

3)      to testify and present evidence on the defendant's own behalf, and

4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      Defendant hereby agrees to waive these rights and to plead guilty to the Information, which charges a violation of 18 U.S.C. § 2252(a)(4)(B), (b)(2), possession of child pornography.

## SENTENCING

4.      The defendant understands that the minimum and maximum penalty provided by law is:

a.      imprisonment for a period of up to twenty years;

b.      a fine not to exceed $250,000;

c.      a term of supervised release of not less than five years and up to life to follow any term of imprisonment.   (If the defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the defendant's supervised release could be revoked — even on the last day of the term — and the defendant could then be returned to another period of incarceration and a new term of supervised release.);

d.      a mandatory special penalty assessment of $100.00; and

e.      restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

2

6.      The parties are aware that the Court will decide whether to accept or reject this plea agreement.   The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.   Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7.      Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8.      By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

> **On or about May 5, 2015, in Chaves County, District of New Mexico, I, Joshua Adam Williams was in possession of a laptop computer and I-phone that contained numerous images and videos of child pornography.   Specifically, my computer contained a video of a toddler minor being sexually molested by an adult. Additionally, my I-phone contained approximately 100 videos of minors engaged in sexually explicit conduct.   I was aware that the images were sexually explicit in nature and that minors were depicted in the images and videos.**

3

**I now know that both my computer and I-phone were manufactured in China.
Accordingly, those were mailed, shipped, or transported in foreign commerce in
order to reach Chaves County, New Mexico.**

9.     By signing this agreement, the defendant admits that there is a factual basis for each

element of the crime(s) to which the defendant is pleading guilty.   The defendant agrees that the

Court may rely on any of these facts, as well as facts in the presentence report, to determine the

defendant's sentence, including, but not limited to, the advisory guideline offense level.

## STIPULATIONS

10.     The United States and the defendant stipulate as follows:

a.     The defendant and the United States have made an agreement pursuant to

Federal Rule of Criminal Procedure 11(c)(1)(C), that a sentence of ten years imprisonment

followed by a fifteen-year term of supervised release is the appropriate sentence in this case.

## DEFENDANT'S ADDITIONAL AGREEMENT

11.     The defendant understands the defendant's obligation to provide the United States

Pretrial Services and Probation Office with truthful, accurate, and complete information.   The

defendant represents that the Defendant has complied with and will continue to comply with this

obligation.

12.     Except under circumstances where the Court, acting on its own, rejects this plea

agreement, the defendant agrees that, upon the defendant's signing of this plea agreement, the facts

that the defendant has admitted under this plea agreement as set forth above, as well as any facts to

which the defendant admits in open court at the defendant's plea hearing, shall be admissible

against the defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding,

including a criminal trial, and the defendant expressly waives the defendant's rights under Federal

4

Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the defendant admits in conjunction with this plea agreement.

## RESTITUTION

13.     The defendant agrees to pay restitution in the amount of $210,012.00 to any victim (associated with any and all counts of the original Complaint, including counts not pled guilty to) who may be identified and requests restitution prior to sentencing. The defendant acknowledges that the amount listed above comports with his relative role in the causal process underlying each victim's general losses.[1] The defendant further agrees that the amount listed above is not too severe given the defendant's conduct in light of the broader causal process that produced the losses suffered by each victim requesting restitution.

14.     The defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. The defendant further agrees to comply with any restitution order entered into at the time of sentencing. The defendant further agrees that the defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding. The defendant agrees to make full restitution for the provable losses caused by the defendant's activities. The defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks which will result in

---

[1] In 2012, a CDC study found that the estimated average lifetime cost per victim of nonfatal child maltreatment, including sexual abuse, was $210,012. Xiangming Fang, et al. *Economic Burden of Child Maltreatment in the United States and Implications for Prevention*, Child Abuse & Neglect Volume 36, Issue 2, February 2012, Pages 156–165. This estimate was calculated in 2010 dollars and included $32,648 in childhood health care costs; $10,530 in adult medical costs; $144,360 in productivity losses; $7,728 in child welfare costs; $6,747 in criminal justice costs; and $7,999 in special education costs. *Id.* Pursuant to 18 U.C.S. § 2259, the court is mandated to order restitution for the full amount of the victim's losses. 18 U.S.C. §§ 2259(b)(1) and (b)(3)(A-F). Restitution under § 2259 is not limited to losses incurred at the time of sentencing, but also "includes future losses." *United States v. Julian*, 242 F.3d 1245, 1248 (10th Cir. 2001).

immediate payment in full, or payment in the shortest time in which full payment can be reasonably made as required under 18 U.S.C. § 3572(d).

15.     The defendant further agrees to make full and accurate disclosure of his financial affairs to the United States. Specifically, the defendant agrees that, before sentencing, the defendant shall provide to the United States, under penalty of perjury, a financial statement which shall identify all assets owned or held directly or indirectly by the defendant.   The defendant shall also identify all assets valued at more than $5,000 which have been transferred to third parties since May 5, 2015, including the location of the assets and the identity of any third party.

16.     The parties will jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation after the execution of this agreement until the fine or restitution is paid in full.  *See* 18 U.S.C. § 3664(k), (n).

17.     The parties will also jointly recommend that as a condition of probation or supervised release, the defendant will notify the Financial Litigation Unit, United States Attorney's Office, before the defendant transfers any interest in property owned directly or indirectly by the defendant, including any interest held or owned under any other name or entity, including trusts, partnership and/or corporations. *See* 18 U.S.C. § 3664(k), (n).

18.     The defendant further agrees that whatever monetary penalties are imposed by the Court will be due immediately and will be subject to immediate enforcement by the United States as provided for in 18 U.S.C. § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the

judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

## **FORFEITURE**

19.     The defendant voluntarily and immediately agrees to the administrative, civil, or criminal forfeiture to the United States all of the defendant's right, title, and interest in the following assets and properties:

    a.     The computer and cell phone seized from Defendant at the time of his arrest; and
    b.     any other seized computer or computer-related media that contains evidence or was an instrumentality of a violation of 18 U.S.C. § 2251

20.     The defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

21.     The defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

22.     The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property.   The defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

7

## SEX OFFENDER REGISTRATION AND NOTIFICATION

23.     The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon the defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).   The defendant also understands that independent of supervised release, the defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life.   The defendant understands that the defendant shall keep the defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change.   The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information.   The defendant understands that the defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

24.     As a condition of supervised release, the defendant shall initially register with the state sex offender registration in New Mexico, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer.   The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the defendant's registration information.   The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

25.     The defendant has been advised, and understands, that failure to comply with these

obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

## WAIVER OF APPEAL RIGHTS

26.      The defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the defendant knowingly waives the right to appeal the defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement, as well as any order of restitution entered by the Court.   In addition, the defendant agrees to waive any collateral attack to the defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of defense counsel's ineffective assistance.   The appellate waiver in this plea agreement does not bar the defendant from seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c) should the Sentencing Commission so authorize.

## GOVERNMENT'S ADDITIONAL AGREEMENT

27.      Provided that the defendant fulfills the defendant's obligations as set out above, the United States agrees that:

    a.      The United States will not bring additional criminal charges against the defendant arising out of the facts forming the basis of the present Information.

28.      This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

9

## VOLUNTARY PLEA

29.     The defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   The defendant also represents that the defendant is pleading guilty because the defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

30.     The defendant agrees that if the defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the defendant during this prosecution.

## SPECIAL ASSESSMENT

31.     At the time of sentencing, the defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the United States District Court in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

32.     This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.   The parties agree and stipulate that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.   This agreement is effective upon signature by the defendant and an Assistant United States Attorney, and upon entry of a guilty plea by the defendant pursuant to this agreement.

10

AGREED TO AND SIGNED this 20th day of *April*, 2016.

DAMON P. MARTINEZ
United States Attorney

MARISA A. LIZARRAGA
Assistant United States Attorney
555 South Telshor, Suite 300
Las Cruces, New Mexico   88011
(575) 323-2391

    I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

ANDRE POISANT
Attorney for the Defendant

    I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

JOSHUA ADAM WILLIAMS
Defendant

11