# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   No. 5:16-cr-01552-WJ

JOSHUA ADAM WILLIAMS,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO APPOINT COUNSEL

THIS MATTER is before the Court on the Federal Public Defender's ("FPD") Motion to Appoint FPD or CJA Counsel (**Doc. 32**). The FPD moves the Court to appoint Assistant Federal Public Defender Lynne McMullen as counsel to assist Defendant in seeking compassionate release pursuant to 18 U.S.C. § 3582(c) and the First Step Act.

As a threshold matter, "no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)." *United States v. Olden*, 296 F. App'x. 671, 674 (10th Cir. 2008). Indeed, the right to counsel extends only to the first appeal as of right, and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). That said, by a recent Administrative Order, *see* 20-MC-00004-30, the Court put into place a process for appointment of counsel in response to the influx of compassionate release requests courts are receiving in the wake of the COVID-19 pandemic.

Here, the FPD asserts on Defendant's behalf that he has met the exhaustion requirements of § 3582(c)(1)(A). Doc. 32 at 2. The Administrative Order requires the FPD to "certify that the defendant has fully exhausted as required by Tenth Circuit law." 20-MC-00004-30 at 2. The

Court, having reviewed these assertions in light of Tenth Circuit law, construes the FPD's filing of this motion as its certification that the exhaustion requirement has been met.

Further, the Administrative Order requires the FPD to "[s]tate the grounds for an appointment by describing the extraordinary and compelling reasons supporting the requested relief." *Id.* Although the Court will not speculate on the merits of Defendant's request at this point, it concludes that the instant motion adequately describes extraordinary and compelling reasons supporting the requested relief.

Therefore, the Court **GRANTS** the FPD's Motion to Appoint FPD or CJA Counsel.  The appointment of Ms. McMullen as counsel shall issue by separate order.  **The Clerk's Office is hereby directed to take the steps necessary to effectuate this Order**.

Finally, the Court emphasizes that in granting the FPD's motion, it does **not** reach the merits of Defendant's request, including a determination of whether Defendant has exhausted his administrative remedies.  Accordingly, Defendant still bears the burden to establish that he is eligible for a sentence reduction and the United States is not precluded from raising any arguments, including exhaustion, in briefing on the merits.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE